# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO DIAZ HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.:  25-cv-2221 W<br>25-cr-0966 W<br><br>**ORDER DENYING (1) PETITION FOR WRIT OF HABEAS CORPUS [DOC. 36] (2) DENYING CERTIFICATE OF APPEALABILITY AND (3) TERMINATING MOTON FOR STATUS [DOC. 40]** |

Pending before the Court is Petitioner Sergio Diaz Hernandez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Petition"). Petitioner is proceeding pro se. Respondent United States of America opposes.

The Court decides the matter on the papers submitted and without oral argument. *See* Civil Local Rule 7.1 (d.1). For the reasons stated below, the Court **DENIES** the Petition [Doc. 36], **DENIES** a Certificate of Appealability, and **TERMINATES** the motion for status [Doc. 40].

1

## I.    BACKGROUND

According to the Complaint, on or about March 5, 2025, Petitioner was arrested on a panga-style vessel while attempting to enter the United States without authorization and after having been previously excluded, deported and removed from the United States. (*Compl.* [Doc. 1] p. 2.) A routine record check of Petitioner revealed a criminal and immigration history. (*Id.*) This included immigration records from the Department of Homeland Security stating that Petitioner was previously deported to Mexico through Brownsville, Texas. (*Id.*) The records also showed that Petitioner has not applied for permission to return to the United States after being removed. (*Id.*)

On May 14, 2025, Petitioner signed a Plea Agreement in which he pled guilty to a one-count Superseding Information charging him with an Illegal Reentry violation under 8 U.S.C. § 1326(a). (*Plea Agree.* [Doc. 25] ¶ A.[1]) The Plea Agreement included an appellate and collateral attack waiver. (*Id.* ¶ XI.)

On June 16, 2025, this Court sentenced Petitioner to 46 months in prison. (*See Judgment* [Doc. 31].) On June 27, 2025, Petitioner filed a notice of appeal, which was then voluntarily dismissed on July 15, 2025. (*See Notice of Appeal* [Doc. 32]; *USCA Dispositive Order* [Doc. 35].)

On August 25, 2025, Petitioner filed the Petition arguing ineffective assistance of counsel based on two theories. First, Petitioner argues that he was never previously ordered removed from the United States and his attorney failed to move to dismiss. (*Petition* [Doc. 36] p.4.) Second, Petitioner argues his attorney coerced him into dismissing his appeal. (*Id.* p.6.)

On September 22, 2025, this Court issued a briefing schedule on the Petition. (*See Scheduling Order* [Doc. 37].) On October 20, 2025, the United States filed an opposition. (*See Opp'n* [Doc. 38].) Petitioner did not respond to the United States' opposition but on

---

[1] All docket references are to the criminal case, 25-CR-0966. A copy of the Plea Agreement is also attached to the Government Response [Doc. 38] as Exhibit 1.

December 22, 2025, he filed a "motion" notifying the Court that he was transferred to Lompoc and requesting a status on the Petition. (*Motion Re. 2255* [Doc. 40] p.1.)

For the reasons that follow, the Court will deny the Petition.

## II.    <u>DISCUSSION</u>

To prevail on an ineffective assistance of counsel claim, Petitioner must prove that his attorney's performance was grossly deficient, and that Petitioner's defense was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner bears the burden of establishing both elements. *U.S. v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995).

Given the "distorting effects of hindsight," in evaluating an ineffective assistance of counsel claim, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Petitioner may establish prejudice only by demonstrating a reasonable probability that but for his attorney's error, the outcome of his trial would have been different. *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

With regard to Petitioner's first claim, it clearly lacks merit. It is premised on the theory that he had not previously been ordered removed from the United States. (*Petition* [Doc. 36] p.4.) But in the Plea Agreement, Petitioner admitted that he was removed or deported from the United States on June 11, 2024, approximately nine months before his most recent arrest. (*Plea Agree.* ¶ II.B.1.) Moreover, the United States' opposition details Petitioner's prior ordered removals. Specifically, the opposition explains that Petitioner was administratively removed after a 2010 conviction for an aggravated felony and was then removed again in 2016 and 2024 based on the reinstatement of the final administrative removal order. (*Opp'n* [Doc. 38] 3:19–4:7, citing Exhibits 6 – 11 [Docs.

25-cv-2221 W
25-cr-0966 W

38-6 through 38-11].) In light of these removals, Petitioner's first ineffective assistance of counsel claim lacks merit.[2]

Regarding the theory that Petitioner's attorney coerced him into dismissing the appeal, it is first important to emphasize that Petitioner is not contending his attorney's performance was deficient in relation to the Plea Agreement. As a result, the Plea Agreement and all of its terms, including the appellate and collateral attack waiver, are valid. Because Petitioner waived his right to appeal, his defense could not have been prejudiced by his attorney's alleged "coercion" to withdraw the appeal.

## III.    CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** the Petition [Doc. 36]. Because reasonable jurists would not find the above assessment of the claims debatable or wrong, the Court **DENIES** a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of the Court shall close the district court file and **TERMINATE** the motion for a status [Doc. 40].

**IT IS SO ORDERED.**

Dated:  February 5, 2026

_____
Hon. Thomas J. Whelan
United States District Judge

---

[2] As the Government notes, the appellate and collateral attack waiver in the Plea Agreement also bars his first claim. (*Gov. Opp'n* [Doc. 38] 4:15–5:4.)

4